### No. 1,731.

### A. J. STONE AND JAMES B. STONE, *v.* PELEG BUMPUS AND E. D. BUMPUS.

NUISANCE, ACTION TO ABATE.—PRACTICE.—In an action to abate a nuisance and for damages, founded on Section 249 of the Practice Act, plaintiffs charged in their complaint, that the alleged nuisance was caused by the erection and maintenance by defendants of a dam across a canon, on which plaintiffs' mining claim was situated, and below their claim, by which the outlet for the water and tailings from their claim, was obstructed to such an extent as to render its working impracticable. To which the defendants replied, admitting in effect the erection of the dam and its effect upon the work of the plaintiffs, but denying plaintiffs' title to the mining ground or their right to work the same, and alleging that the ground worked by plaintiffs is in fact a part of their claim, and that the dam was erected for the purpose of working their claim, which could not be worked without it. Held, by the Court, that to enable the plaintiffs to recover they must show: 1st. That they owned the ground claimed by them. 2nd. That the dam prevented their working it to advantage. 3d. Alternatively, that defendants had no title to the bed of the canon; or, if they had, that their right was acquired subsequent to that of the plaintiffs or, if prior, that the dam was not needed to enable defendants to work to advantage.

IDEM.—Although it appears that the plaintiffs had the better title to the ground claimed by them, yet if the testimony establishes that the defendants had the prior right to mine, and that they could not mine without the dam, the plaintiffs cannot recover.

RHODES, C. J., on rehearing:

IDEM.—INSTRUCTIONS OF THE COURT.—An instruction to the effect, that if at the time plaintiffs took up and worked the ground in dispute, defendants or their grantors stood by and permitted plaintiffs to work and develop the same without objection or opposition, were matters, if true, to be taken into consideration in determining the conflicting claims of the parties to the premises, is erroneous.

IDEM.—PLEADING-EVIDENCE.—Where defendant alleges that he owns the ground in dispute, or denies that the plaintiff is the owner, *without* alleging title in himself, it is competent to him to overcome the plaintiff's evidence of title, by showing title in himself.

IDEM.—PLEADING.—In an action to abate a nuisance, a complaint which fails to allege that the plaintiff possessed the right to use the cañon, the obstruction of which constituted the nuisance, is radically defective.

APPEAL from the Fourteenth District Court, County of Placer.

This is an action to recover damages for the erection of a dam, and to abate the same as a nuisance, and to enjoin the continuance thereof.

Defendants admit the erection of the dam, and claim the right to continue the same; and allege that the grounds claimed by plaintiffs belonged to and is a part of the mining claim of defendant, P. Bumpus.

On the trial, the plaintiff asked the Court for the following instruction to the jury: If defendants or either of their grantors ever owned the ground called the Stone Boys' Claim, at the time plaintiffs took up and worked the same, then if they stood by and permitted plaintiffs to expend money and labor in working and developing the same, and kept silent about their claim, and thereby misled plaintiffs and induced them to take the ground, believing their title good, then defendants are precluded from setting up their title to the ground against that of plaintiffs; and this is equally the case whether this was done by defendants themselves or by their grantors before they parted with title to defendants." Which the Court refused, and then instructed the jury, that the matters recited in the instruction, if true, should be taken into consideration in determining the conflicted claims of the parties to the premises in dispute.

The remainder of the case is stated in the opinion.

*Chas. A. Tuttle* and *W. D. Lawrence,* for Appellants.

*Jo. Hamilton,* for Respondents.

SANDERSON, J., delivered the opinion of the Court, RHODES, J., SAWYER, C., J., and CROCKETT, J., concurring:

This is an action founded upon the 249th Section of the Practice Act, which defines a nuisance, and provides remedies therefor. The plaintiffs allege that they are the owners of a certain mining claim, situated on the north side of Indian Cañon in Placer County, which mining claim cannot be worked without the use of the Cañon, as an outlet for water and tailings.

That the grade of the Cañon is light, and that the defendants have erected and are maintaining a dam across the Cañon, at a point below their claim, which dam obstructs the flow of water and tailings down the Cañon, to such an extent as to render the working of the plaintiffs' claim impracticable.

The defendants in effect, admit the erection of the dam, and its effects upon the work of the plaintiffs, to be as alleged; but deny that the plaintiffs own, or are entitled to work the ground in question, and to the contrary allege that the ground is in fact, a part of their claim, which is older than the pretended claim of the plaintiffs is alleged to be, and is, what is called a Cañon claim, which according to mining custom embraces all the ground lying in the bed and banks of the Cañon, extending to the bedrock on either side as high as the water line; and that the dam was erected for the purpose of enabling them to work their claim, which as they alleged cannot be worked without it.

'In view of these issues to enable the plaintiffs to recover, it should have appeared at the trial: 1st. That the plaintiffs owned the ground claimed by them. 2d. That the dam prevented their working it to advantage. 3d. Alternatively that the defendants had no title to the bed of the Cañon; or if they had, that their right was acquired

subsequent to that of the plaintiffs, or if prior, that the dam was not needed, to enable the defendants to work to advantage.

As to the first proposition, the testimony preponderates in favor of the defendants, but still it is conflicting, and so far as the action of this Court is concerned, the plaintiffs' title must be considered as made out. But the first proposition was the only one which was established by the testimony.

That the defendants had the prior right to mine, and that they could not mine without the dam, cannot be questioned upon the testimony. There was not estimony to the contrary. The verdict is therefore not sustained by the evidence.

Order and judgment reversed and a new trial granted

On Rehearing:

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., and CROCKETT, J., concurring:

We are satisfied that the judgment rendered on the former hearing was correct. On a review of the evidence we are of the opinion, that on the question whether the title to the mining ground claimed by the plaintiffs is in them or in the defendant (Peleg Bumpus), the preponderance is in favor of the defendant, and the conflict in the evidence is very slight. It was proven beyond controversy, that the owners of the Brush Dam claims, acquired by purchase the banks of the cañon, and thereafter they and their vendees claimed and held the bed and banks of the cañon; that they claimed the ground in controversy, and worked along its front as long as it would pay; that the defendant and Wilson, while they were joint owners of those claims, and the defendant, after he became their owner in severalty, claimed the ground in controversy as a part of the Brush Dam claims. The principle evidence which conflicts with this proof of title in the defendant, is the statement of the plaintiffs that when they located their claims—which was while the defendant and Wilson were the joint owners of the Brush Dam claims—the ground in controversy was

vacant. This presents so slight a conflict that it is difficult to conceive how the jury could have found for the plaintiffs on this issue, except they were misled by the plaintiff's third instruction, respecting the estoppel of the defendants, by matters *in pais.* The instruction was properly refused, for the matters therein recited would not estop the defendant from claiming title to the ground claimed by the plaintiffs; but the Court directed the jury that "the matters recited in the instruction, if true, should be taken into consideration, in determining the conflicting claims of the parties to the premises in dispute." The direction was clearly erroneous, for those matters could have no possible effect upon the question of title.

We do not agree with the plaintiffs in their position in respect to the effect of the answer, in limiting the extent of the title or claim of the defendant, even conceding—which we do not admit—that his claims, which, he alleges, "include all the earth and gravel in the bed and upon both banks of said Cañon to the bedrock, as high as the water line thereof," excludes the plaintiffs' claims. The defendant expressly alleges that he owns the mining ground described in the complaint; and, besides this, he denies that the plaintiffs are the owners; and without an allegation of title in himself, it was competent to him to overcome the plaintiffs' evidence of title by proving title in himself.

It is proper to remark, for the purposes of a new trial, that the complaint is radically defective, because it fails to allege that the plaintiffs possessed the right to use the Cañon to convey the water and tailings from their claims. The allegation that it is the natural and proper channel and outlet for the water and tailings from those claims, is not even an argumentative averment that they have the *right* to its use.

Judgment reversed and cause remanded for new trial.

SPRAGUE, J. i dissent.